U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED
JAN - 8 2015
CLERK, U.S. DISTRICT COURT
By _____
      Deputy

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| MICHAEL J. RYAN, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | NO. 4:14-CV-1063-A |
| | § | |
| HOUSE EAR CLINIC, | § | |
| | § | |
| Defendant. | § | |

MEMORANDUM OPINION
and
ORDER

Came on to be considered the above-captioned action where Michael J. Ryan is plaintiff and defendant is House Ear Clinic. Attached to the complaint is a large stack of documents, which includes copies of correspondence between plaintiff and others, copies of pages from various books, and a number of pages with handwriting on them. Having now considered the complaint and its attachments, the court concludes that this action should be dismissed.

I.

Procedural Background

Plaintiff, appearing pro se, initiated this action by the filing of a form complaint on December 31, 2014. The complaint itself includes few facts and does not clearly state any claims or causes of action. However, from a review of the complaint and

its attachments, it appears that plaintiff has a serious brain injury, that he previously hired counsel to sue the defendant for him in California, but problems have arisen regarding his attorneys in, and/or the status of, the California action.

In the complaint plaintiff also requested an "emergency hearing," which the court construed as a request for a temporary restraining order. Another judge of this court denied the request on December 31, 2014. In considering the request for a temporary restraining order, the court noted that plaintiff's filings in the instant action appear to mirror those he filed on December 22, 2014, in Civil Case Number 3:14-CV-4493-B in the Dallas Division of this court. That action named the same defendant, and appears to concern the same subject matter, as the instant action. In denying the request for injunctive relief, the court found that not only had plaintiff failed to allege any discernable claim, but, under the first-to-file rule, the court was without authority to act on this later-filed action. See Order signed December 31, 2014 (citing Burger v. Am. Mar. Officers Union, Nos. 97-31099, 97-31100, 97-31158, 97-31291, 1999 WL 46962 (5th Cir. Jan. 27, 1999) (per curiam).

II.

Analysis

A.   First-to-File Rule

The so-called first-to-file rule recognizes the principle of comity that requires federal district courts to exercise care to avoid interference with each other's affairs.  Save Power Ltd. v. Syntek Fin. Corp., 121 F.3d 947, 950 (5th Cir. 1997).  To avoid the waste of duplication, to avoid rulings that may trench upon the authority of sister courts, and to avoid piecemeal resolution of issues that call for a uniform result, a district court has discretion to dismiss or transfer an action where the issues presented can be resolved in an earlier-filed action pending in another district court.  West Gulf Maritime Ass'n v. ILA Deep Sea Local 24, 751 F.2d 721, 729 & 729 n. 1 (5th Cir. 1985).  Under the first-to-file rule, "the court in which the case was last filed may refuse to hear it if the issues raised by the cases substantially overlap."  Int'l Fid. Ins. Co. v. Sweet Little Mexico Corp., 665 F.3d 671, 677-78 (5th Cir. 2011).

The instant action represents what is at least plaintiff's second federal action against this defendant.  The same party is named as the defendant here and in Case Number 3:14-CV-4493-B-BH.  Although the court cannot readily discern the claims and causes of action plaintiff is attempting to assert in the instant

3

complaint, the general issues presented--plaintiff's traumatic brain injury, his litigation in California, and his apparent frustration with his attorneys and the court in that state--are the same as in Case Number 3:14-CV-4493-B. Thus, there can be no question that the parties and issues between the two cases substantially overlap, if they are not identical.

Because the court has found that this action substantially overlaps with the first-filed case, the court must decide whether to transfer or dismiss this action. The United States Magistrate Judge to whom Case Number 3:14-CV-4493-B was assigned transferred that action to the United States District Court for the Central District of California, Western Division, which the magistrate judge determined was the court of proper venue.[1] Hence, plaintiff's claims against the defendant are now in the hands of the California court for determination. While the court could likewise transfer this action to the Central District of California, the court can see nothing to be gained by doing so. Accordingly, the court is exercising its discretion to dismiss this action.

---

[1] The sole defendant in this case is apparently located in Los Angeles, California.

4

B.   <u>Plaintiff's Request for Emergency Hearing</u>

Late in the day on January 7, 2015, plaintiff filed another request for an emergency hearing. To the extent plaintiff is again seeking a temporary restraining order, he is required to show (1) a substantial likelihood of success on the merits; (2) that he faces a substantial threat of irreparable harm; (3) the threatened injury faced by plaintiff outweighs the threatened harm to the defendant; and (4) granting the injunctive relief will not disserve the public interest. <u>Canal Auth. of the State of Fla. v. Callaway</u>, 489 F.2d 567, 572-73 (5th Cir. 1974).

The court finds plaintiff has failed to make the required showing. As the court is unable clearly to discern the claims and causes of action plaintiff is trying to assert, plaintiff has not shown the likelihood of success on the merits. Nor has plaintiff clearly explained the relief he is seeking from the court were he to prevail in this action. To the extent plaintiff is asking the court to intervene in, or take action pertaining to, any court or party located in California, the court is without authority to do so. Additionally, as explained in the December 31, 2014 order, plaintiff has already filed one action against this defendant, concerning the same subject matter, so there is no disservice to the public interest by denying injunctive relief. And, although plaintiff indicated in his

5

latest filing that he intends to name as a defendant a Pennsylvania attorney, thus creating diversity, it is not at all clear that the court would have personal jurisdiction over such a party, or if anything in the complaint could be construed to state a claim for relief against such individual.

To the extent plaintiff is merely seeking a hearing before the court to discuss this action, the court is declining the request. While the court is not unsympathetic to plaintiff's situation, from a legal perspective, the court is unable to afford plaintiff any relief.

### III.

### Order

Therefore,

The court ORDERS that the complaint filed by plaintiff, Michael J. Ryan, against defendant, House Ear Clinic, be, and is hereby, dismissed.

SIGNED January 8, 2015.

JOHN McBRYDE
United States District Judge